IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RYAN OAKLEY**                                                            **PLAINTIFF**

**VS.**                                                 CIVIL ACTION NO.: 3:18-cv-837-HTW-LRA

**WAR FIGHTING SYSTEM SOLUTIONS INC. AND**
**LISETTE WYNO-BROUGH, INDIVIDUALLY**                      **DEFENDANTS**

**COMPLAINT**
**JURY TRIAL DEMANDED**

     **COMES NOW** the Plaintiff, Ryan Oakley, by and through his counsel, Watson & Norris, PLLC, and files this action against the Defendants, War Fighting System Solutions Inc. and Lisette Wyno-Brough, individually. As more specifically set forth below, Plaintiff has been subjected to sex discrimination, sexual harassment, and retaliation, as well as tortious interference and intentional infliction of emotional distress in the terms and conditions of his employment with Defendant War Fighting System Solutions. The actions of the individual Defendant are in violation of state law protecting the rights in question of the Plaintiff. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**PARTIES**

    1.     The Plaintiff, Ryan Oakley, is an adult male who resides in Newton County, in Mississippi.

    2.     The Defendant, War Fighting Systems Solutions Inc., is a Texas corporation doing business in the State of Mississippi and may be served via certified mail through its registered agent, Tony Wyno, 1968 Dana Bree, El Paso, Texas 79936.

1

3. The Defendant, Lisette Wyno-Brough, committed acts which constitute tortious interference and intentional infliction of emotional distress in the State of Mississippi, is the current Corporate Secretary of Fighting System Solutions Inc., and may be personally served at the company's principal address, 1113 Loma Verde, El Paso, Texas 79936.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction.

5. This Court has personal and subject matter jurisdiction over each of the Defendants and venue is proper in this Court as Plaintiff was employed in the State of Mississippi and Defendants committed intentional torts in the State of Mississippi. A true and correct copy of Plaintiff's Charge of Discrimination is attached hereto as Exhibit "A," and a true and correct copy of the EEOC's Dismissal and Notice of Rights is attached hereto as Exhibit "B."

## STATEMENT OF THE FACTS

6. Plaintiff was hired by Defendant in July 2014 as a Data Analyst.

7. Plaintiff's sign on salary with Defendant was $50,000 per year, with the potential for performance and holiday bonuses.

8. In the summer of 2015, Plaintiff traveled to Defendant's headquarters in El Paso, Texas.

9. Very soon after arriving in El Paso, Plaintiff met the CFO (and Director of Human Resources) of War Fighting System Solutions Inc., Lisette Wyno-Brough.

10. Wyno-Brough immediately began making very strong sexual advances toward Plaintiff and repeatedly approached him in a flirtatious manner.

11. Attempting to be professional, Plaintiff turned her down respectfully.

12. Wyno-Brough, however, continued with repeated sexual advances toward Plaintiff, including sexually explicit tactics, such as nude photos, graphically descriptive text messages, and sexually graphic phone calls.

13. In a continuing effort to try to maintain professionalism, Plaintiff repeatedly turned Wyno-Brough down respectfully.

14. Finally, feeling pressured into the situation because of Wyno-Brough's seniority within the company, fearing for his job and possible retaliation if he continued to refuse, Plaintiff gave in and responded to Wyno-Brough's advances (although primarily only through words at this point). He would passively agree with her in an attempt to de-escalate her agitation, but he avoided any physical interaction between them.

15. After three or four months of this, Plaintiff returned to Jackson, MS to attend a Law Enforcement Academy at Camp Shelby in Hattiesburg. This academy lasted 11 weeks. During that time, Wyno-Brough texted and/or called him repeatedly.

15. At the end of Plaintiff's time in the academy, uninvited, Wyno-Brough came from Texas and attended the graduation ceremony of the Police Academy.

16. After the graduation ceremony, Wyno-Brough took Plaintiff to Bass Pro Shop and purchased expensive gifts for him.

17. From there, Wyno-Brough went with Plaintiff to his house in Lawrence, Mississippi, where she gave gifts to his kids as well.

18. Later that evening, Wyno-Brough, Plaintiff, Plaintiff's brother, and one of Plaintiff's co-workers (who had traveled from TX with Wyno-Brough) went driving. While out on a deserted country road in Lake, Mississippi, they stopped and were talking with

3

the tailgate of the truck down. When Plaintiff's brother and co-worker had stepped away for a few minutes, Wyno-Brough aggressively pulled Plaintiff to her and began kissing him.

19. After they returned to Plaintiff's home, Wyno-Brough and the co-worker drove to their hotel in Forest, Mississippi, and Plaintiff prepared to go to bed.

20. Just as Plaintiff was almost ready to get in bed, Wyno-Brough called and told him to come visit her at her hotel room in Forest, Mississippi. He initially demurred, but Wyno-Brough became very upset and yelled at him. She told him that he could "forget about the next mission" (i.e., she would not enlist him to work with Defendant War Fighting Systems Solutions Inc.'s next work project), he told her he would come.

21. When Plaintiff arrived at the hotel in Forest, Mississippi, Wyno-Brough dramatically professed her love to Plaintiff and coerced him to respond in kind.

22. Plaintiff then took Wyno-Brough's hand and led him to her hotel room where they ended up having sexual intercourse.

23. After they finished, Plaintiff felt badly and got up to leave. Wyno-Brough began yelling at Plaintiff again and harassed him for wanting to leave.

24. Plaintiff went home and hoped the incident would be forgotten.

25. Once they returned to El Paso, Texas, however, Wyno-Brough became even more aggressive.

26. Wyno-Brough began frequently pulling Plaintiff into closets and empty offices, forcibly kissing him and performing oral and vaginal sex with him.

27. Plaintiff felt emotionally distressed about this situation, since both he and Wyno-Brough were married to other partners; yet, at the same time he feared complaining or halting the situation would jeopardize his ability to provide for his family.

28. The affair continued for about two years, until finally it was discovered by Plaintiff's wife, who subsequently filed for divorce.

29. Plaintiff was then admitted to the Alliance Mental Health Clinic in Meridian, Mississippi, for depression and anxiety treatment.

30. Upon completion of his treatment, Plaintiff returned to work in El Paso, Texas, but soon resigned from his position because of the stress and returned to Mississippi.

31. Wyno-Brough continued to text and call Plaintiff while he was back in Mississippi, even after he asked her to stop. Plaintiff had started seeing someone new and did not want to make the same mistake twice.

32. Months later, Wyno-Brough and her father, Tony Wyno, who is also the owner of War Fighting Systems Solutions, called Plaintiff and asked him to return to the company. Plaintiff was struggling with significant financial problems at that time, so he accepted the position.

33. Once Plaintiff was back in El Paso, Wyno-Brough resumed pursuing him relentlessly through unprofessional texts and calls.

34. Plaintiff adamantly refused and tried to maintain a professional distance.

35. Feeling rebuffed and upset, Wyno-Brough told Plaintiff that if things did not work out between them that he would have to leave the company.

36. When Wyno-Brough found out about Plaintiff's new girlfriend, she sent him a termination letter via email on February 14, 2018.

## CAUSES OF ACTION

### COUNT ONE: VIOLATION OF TITLE VII - SEX DISCRIMINATION

37. Plaintiff incorporates paragraphs 1 through 36 above as though fully incorporated herein.

38. Plaintiff has been discriminated against in the terms and conditions of his employment on the basis of his gender, male.

39. Plaintiff has suffered an adverse employment action, termination, as a result of the Defendants' discriminatory treatment of Plaintiff.

40. Plaintiff has been harmed as a result of this discrimination, and the Defendants are liable to Plaintiff for the same.

41. The acts of the Defendant constitute a willful and intentional violation of Title VII of the Civil Rights Act of 1964, and entitle Plaintiff to the recovery recovery of damages, both compensatory and punitive in nature.

### COUNT TWO: VIOLATION OF TITLE VII - SEXUAL HARASSMENT

42. Plaintiff incorporates all averments set forth through paragraphs 1 through 41 above as though specifically set forth herein and alleges as follows:

43. The actions of Lisette Wyno-Brough, acting in her official capacity and as a proxy for the Defendant, War Fighting System Solutions Inc., constitute unlawful sexual harassment.

44. The acts of the Defendant constitute a willful and intentional violation of Title VII of the Civil Rights Act of 1964, as amended, and entitle Plaintiff to the recovery of damages, both compensatory and punitive in nature.

### COUNT THREE: VIOLATIONS OF TITLE VII – RETALIATION

45. Plaintiff re-alleges and incorporates all averments set forth through Paragraphs 1 through 44 above as though specifically set forth herein.

46. Defendant has violated Title VII of the Civil Rights Act of 1964 by retaliating against Plaintiff, by terminating him, when Defendant's agent, CFO and Director of Human Resources Wyno-Brough found out that Plaintiff had a new girlfriend.

47. The acts of the Defendant constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, and other federal laws, and entitle Plaintiff to recovery of damages, both pecuniary and punitive in nature.

48. As a result of Defendant's said retaliation, Plaintiff suffered damages, including but not limited to compensatory damages, loss of reputation, humiliation, embarrassment, emotional pain and suffering, inconvenience, and mental anguish. In addition, Plaintiff is entitled to an award of punitive damages against Defendant.

### COUNT FOUR: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

49. Plaintiff re-alleges and incorporates all averments set forth through Paragraphs 1 through 48 above as though specifically set forth herein.

50. The basic elements for tortious interference with an existing business or contractual relationship include: (a) existence of a valid contractual relationship or business expectancy; (b) knowledge of the contractual relationship or expectancy by the defendant; (c) intentional interference inducing or causing a breach or termination of the

contractual relationship or expectancy; and (d) resultant damage to the party whose contractual relationship or expectancy has been disrupted.

51. Defendant, Wyno-Brough, tortiously interfered with Plaintiff's employment relationship with War Fighting System Solutions Inc. Plaintiff has suffered damages as a result of this Defendant's actions. As such, Plaintiff is seeking an award of compensatory damages in an amount to be determined by the jury to fully compensate him for Defendant's actions in tortiously interfering with his employment relationship with War Fighting System Solutions Inc. In addition, Defendant's actions were done maliciously with the intent to cause Plaintiff injury. As such, Plaintiff is entitled to an award of punitive damages against Defendant Wyno-Brough in amount to be determined by the jury.

## COUNT FIVE: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52. Plaintiff re-alleges and incorporates all averments set forth through Paragraphs 1 through 51 above as though specifically set forth herein.

53. By its actions, Defendants have intentionally inflicted emotional distress upon Plaintiff. Defendants' actions have been such to evoke outrage and revulsion. Defendants' behavior has been malicious, willful, wanton, grossly careless, indifferent, or reckless.

54. The effect of these actions on Plaintiff was reasonably foreseeable.

55. Plaintiff has suffered injury as a result of the Defendants' actions.

## PRAYER FOR RELIEF

8

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Reinstatement or future wages in lieu of reinstatement;
2. Back pay;
3. Compensatory damages;
4. Punitive damages;
5. Attorney's fees;
6. Lost benefits;
7. Pre-judgment and post-judgment interest;
8. Costs and expenses; and
9. Any other relief to which he may be properly entitled.

THIS, the 3rd day of December 2018.

Respectfully submitted,

RYAN OAKLEY, PLAINTIFF

By: *Louis H. Watson Jr.*
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com